# Richmond

## PEEK v. CITY OF HAMPTON.

### January 15, 1914.

1. NAVIGABLE WATERS—*Bridge—Authority of Legislature.*—Where a bridge has been built over a navigable stream under authority of an act of the legislature, the expediency of building the bridge is not thereafter an open question.

2. APPEAL AND ERROR—*Objections for First Time—Case at Bar.*—Where it was agreed by counsel in the lower court that a bridge complained of was constructed "under legal authority" and the jury has been instructed, at the instance of the plaintiff, that the legal power of the defendant "to build the bridge in its present location is not an issue before them," the plaintiff will not be permitted to contend in this court for the first time that the bridge was built without legal authority.

3. INSTRUCTIONS—*Evidence to Support.*—Instructions are properly refused when there is no evidence tending to prove the facts upon which they are based.

4. NAVIGABLE WATERS—*Land Between Low Water and Navigability—Ownership—Injury to—Damages.*—While the fee-simple title of a riparian owner on navigable water ends at low water mark, yet between that point and the line of navigability he has a right known as riparian right, which is valuable, and, when once vested, the owner cannot be deprived of it, except for the public good, and, if taken or injured for the public good, the owner is entitled to due compensation. This riparian right is not a mere easement to pass over the water or a privilege to use the surface, but is property in the soil under the water. Upon it the owner may fasten or build structures, such as wharfs, piers or bulkheads, to the line of navigation. If any of these property rights are depreciated in value by reason of the construction and maintenance of bridges by others, the owner is entitled to recover damages therefor.

5. INSTRUCTIONS—*Ignoring Evidence—Directing Verdict.*—An instruction which ignores the evidence in a case and directs a verdict for the plaintiff is properly refused.

6. INSTRUCTIONS—*Conflict—Read as a Whole—Damage to Land by Tres-pass—Uses in Near Future.*—In an action of trespass to recover damages done to the plaintiff by the defendant by erecting a bridge across a navigable stream, the plaintiff asked the court to instruct the jury that, in considering whether or not the bridge damaged the property of the plaintiff, they must con-sider any and all uses, not only to which the property had been put, but to which it might be put. The court added at the end of said instruction the words "in the reasonably near future," and as amended gave it, and this is held not to be to the prejudice of the plaintiff. The instruction, as amended and given, is not in conflict with an instruction given at the in-stance of the defendant, telling the jury that they must con-sider the value of the property immediately before and imme-diately after the construction of the bridge, by taking into con-sideration its uses, surroundings and capabilities, not only for the present, but for the reasonably near future. Instructions must be read as a whole.

Error to a judgment of the Circuit Court of Elizabeth City county in an action of trespass on the case. Judg-ment for the defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*S. Gordon Cumming* and *S. J. Dudley,* for the plaintiff in error.

*Wm. C. L. Taliaferro,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This suit was brought by Sallie H. Peek to recover of the city of Hampton damages alleged to have been sus-tained by her as a result of the construction by the de-fendant city of a bridge across the waters of a navigable portion of Hampton creek.

It appears from the record that this bridge, with its ap-proaches, is wholly within the corporate limits of the city

of Hampton, and that the location of the bridge is oppo-
site the residence and small farm property of the plain-
tiff, with the navigable waters of Hampton creek lying be-
tween the plaintiff's land and the bridge. The jury, after
hearing the evidence and viewing the premises, both at
high and low tide, under instructions as to the law of the
case, found that the plaintiff had suffered no damage by
reason of the construction of the bridge, and returned a
verdict for the defendant city. To the final judgment of
the circuit court sustaining that verdict this writ of error
was awarded.

The evidence tends to show that the width of Hampton
creek at the bridge is from fifteen to twenty feet and its
navigable water little more than two feet deep at low
tide, and that boats drawing more than two feet of water
can only go above the bridge at high tide and must return
before the tide recedes; that the plaintiff only owns one
or two small row boats, drawing a few inches of water,
and conducts no business of any kind; nor does it appear
that there is any business conducted above the bridge on
the shores of Hampton creek, parties living above the
bridge only reaching their wharves in small boats. The
creek makes a turn at the location of the bridge, which
is on the opposite side of the creek from the plaintiff, thus
leaving the entire width of the whole creek between her
and the bridge, which gives her access to the navigable
waters of Hampton creek, not only in front of her own
premises, but for several hundred yards above the bridge,
following the course of the creek, as far as it is navigable.
It appears that the span at the center of the bridge is
twenty feet wide, with an overhead clearance of from eight
to ten feet, according to the condition of the tide. The
bridge was built across this stream under authority of an
act of the legislature. The expediency, therefore, of build-
ing the bridge is not an open question. *Plecker* v. *Rhoads,*
30 Gratt. (71 Va.) 795.

The portion of Hampton creek in question having been declared navigable water by the United States authorities, the city of Hampton, as required by Federal statute, submitted its plans of the proposed bridge to the proper Federal authorities, and the entire question of navigation was gone into and the report on the whole matter was approved by the chief engineer of the government and the secretary of war.

The first ground of error assigned is that the bridge was built without legislative authority. It nowhere appears that this point was ever raised or relied on in the lower court. Indeed, the only reference to the subject in the record is an agreement of counsel found therein as follows: "It is agreed by counsel that the bridge complained of in this case was constructed by the city of Hampton under legal authority"; and in instruction "C," given at the request of the plaintiff, which tells the jury that the legal power of the city of Hampton to build the bridge in its present location is not an issue before them, but that the exercise of such legal authority did not exonerate the city from paying damages to the plaintiff if they believed from the evidence that she had suffered damages by reason of the construction of the bridge.

In view of this agreement of counsel and the instruction given at the instance of the plaintiff, upon which the case was tried, it is wholly out of place to contend in this court for the first time that the bridge was built without legal authority.

There is a general objection that the effect of the court's action in giving, refusing and modifying certain instructions was to eliminate from the consideration of the jury the question whether any property of the plaintiff was actually taken by the defendant city.

This is an action of trespass on the case to recover damages for an alleged trespass upon the riparian rights and

privileges of the plaintiff, and not for the value of any property actually taken from her. There is no evidence that any property of the plaintiff was actually taken by the city in constructing the bridge, and it was clearly for this reason that the circuit court refused instructions based upon the theory that the plaintiff could recover in this case for the value of property actually taken. Instructions are properly refused unless there is some evidence tending to prove the facts upon which they are based.

Instruction "A" as given for the plaintiff told the jury that while the fee simple title to a riparian owner, such as the plaintiff, ends at low water mark, yet between that point and the line of navigability in Hampton creek she had a certain right known as a riparian right, which was valuable property, and when once vested the owner could not be deprived of it except for the public good, and if taken or injured for the public good the owner was entitled to due compensation. That this riparian right was not a mere easement to pass over the water or a privilege to use the surface, but that it was property in the soil under the water. That upon it the owner might fasten or build structures such as wharfs, piers or bulkheads to the line of navigation; and that if they believed from the evidence that any of these property rights had depreciated in value by reason of the construction and maintenance of the bridge in its present location, they must find for the plaintiff and assess her damages at such amount as they might deem proper in view of the evidence. There could scarcely have been given a clearer or more favorable statement of the plaintiff's riparian rights than is contained in the foregoing instruction.

Instruction "B" asked for by the plaintiff was properly refused. It ignored the evidence and peremptorily directed a verdict for the plaintiff. *Vaughan, &c., Co.* v. *Staunton T. Co.,* 106 Va. 445, 452, 56 S. E. 140.

Objection is made to the court's modification of instruction "D," asked for by the plaintiff. That instruction, as asked, told the jury that in considering whether or not the bridge damaged the property of the plaintiff, they must consider any and all uses, not only to which the plaintiff's property had been put, but for which, but for the bridge, it might have been available, whether for residential, industrial or commercial purposes. The only change made in this instruction was to insert the words, "in the reasonably near future," making the instruction read, "any and all uses, not only to which the property had been put, but to which it might be put in the reasonably near future."

It is difficult to see how this modification of the instruction could have prejudiced the plaintiff. It enlarges her right of recovery beyond that claimed in the instruction as asked by her, and extends such right to the uses to which her property might be put in the reasonably near future. There is no conflict, as suggested, between this instruction, as amended, and the instructions granted on behalf of the city. Instructions must be read as a whole, and an examination of instruction six, granted on behalf of the city, shows that the jury are there told that they must consider the value of the property immediately before and immediately after the construction of the bridge by taking into consideration its uses, surroundings and capabilities, not only for the present but for the reasonably near future.

Instructions "E," "F" and "G," asked for by the plaintiff, were given without modification, except that there was eliminated from instruction "G" any inquiry as to the value of property actually taken, for the reason, as already seen, that there was no evidence upon which to base such an inquiry.

Objection is made to the instructions given on behalf of the defendant city. It is unnecessary to prolong this

opinion by commenting upon these instructions in more detail than has been already done. It is sufficient to say that they have been carefully considered, and that it is apparent that no right of the plaintiff has been prejudiced by them.

The case was fairly submitted to the jury and the evidence abundantly supports their verdict. The judgment complained of must, therefore, be affirmed.

*Affirmed.*